May it please the Court, I'm Robert Chobh and I'm appearing today on behalf of the petitioner Rogelio Cardozo-Tlaseca. In our view, this case is controlled by Wiedersberg and Estrada Rosales. In each of those cases, this Court held that where a conviction serves as a key part of the government's case in a removal proceeding, and that conviction is subsequently vacated on substantive grounds, the alien is entitled to a new removal hearing. Can you help me out by just walking through it? Because if I understand it, what the BIA said was, look, no problem, because there were two grounds. Right. And one of them clearly was based upon the conviction. Right. And that would be plainly a Wiedersberg situation. Right. The other was not. So why is the admissibility ground, why is the conviction a key part of it? Well, for starters, the Board never even recited the language from Wiedersberg or Estrada Rosales about the test, whether the conviction was a key part of the government's case. But even assuming that this individual's deportable, the conviction, the cultivation conviction that was vacated on substantive grounds, that's the only thing that prevented this person from being eligible for three different forms of relief, cancellation of removal, voluntary departure, and, most importantly, adjustment of status. This is an individual who at the time of his removal, he was not eligible for any of the three forms of relief. But that doesn't quite exactly answer my question. Yes. I mean, my question may be off the wall, but I'm just trying to get it. I find this all a little confusing. Okay. Okay. So there were two grounds for his removal. True. One of them was the conviction. Correct. And one of them was? That he was unlawfully present in the United States. Correct. Yes. So clearly the ground for conviction is a Wiedersberg problem. Correct. But if there's another independent ground that doesn't have anything to do with the conviction, then that wouldn't appear to make any difference. Well, on that point, Your Honor, I would really strongly disagree, because the bottom line here is that this individual in all probability would not have been deported but for the conviction. But what? And the reason for that is that even if but for the conviction, he would have been eligible for these various forms of relief. Most importantly, he would have been eligible for adjustment of status, which is a very straightforward process. This is a man who is married to a United States citizen. The couple, they have two United States children. The bona fides of the marriage have never been questioned. In fact, the Immigration Service has approved the I-130 that Mr. Cardozo's wife has filed on his behalf. So but for the conviction, he would have been able to go forward with a very straightforward adjustment of status application. And in all probability, he would have been granted not only would he not have been deported, in all probability, he would have been granted permanent residence in this removal proceeding. But isn't a more precise answer to the question the fact that he had earlier been granted his I-130 petition had been granted before the hearing? Am I right? Yes. And the reason the granting of that was ignored or rendered meaningless by the I.J. was the fact that he had been convicted? Precisely. And but for the conviction, he would have had he would have been a lawful permanent resident, would he not? Yes. That's exactly right. Okay. Then I have a thought. I mean, I'm still not sure I've got it, but I'm going to what you're saying is basically the conviction affected both grounds. Yes. Because if he's eligible for adjustment of status, then he can overcome both grounds of removal. I mean, these removal proceedings, obviously, it's a bifurcated proceeding. There are two parts. The first question is, is this guy deportable? The second question is, he is, you know, under one or both grounds, he's certainly deportable. Then the second question is, even if he is deportable, is he eligible for relief? Can he overcome those grounds of deportability? And our point is that but for the conviction that was subsequently vacated on the merits, this man would have been eligible for not one, but three different forms of relief. And one of those forms of relief is adjustment of status, which is a very straightforward procedure. And he would have even been inadmissible at that point. Okay. Assuming the conviction has played a key part in both grounds, at the time of the decision, the time it was determined to issue the order of removal, he had a conviction on the books. True. What do we do about that? Well, the same was true, Your Honor, in both Wietersburg and in Estrada Rosales. In both of those cases, at the time of the individual's removal from the United States, the conviction was still on the books. It was vacated subsequent to the individual's removal. And that's why we think those cases control. The situation is identical. The important point is that the conviction was vacated on substantive grounds. In this particular case, the assertion was that the conviction was rendered in violation of this individual's Fifth, Sixth, and Fourteenth Amendment rights and in violation of California Penal Code Section 1016.5. So there were legal grounds that invalidated the conviction. And because the conviction was invalid on legal grounds under Estrada Rosales in Wietersburg, the fact the conviction was on the books at the time is irrelevant because it was an invalid conviction. His removal was unlawful. And under those two cases, he had the right to make a motion to reopen. And he was entitled to a new removal hearing. Someone may say, we have a rule that if the conviction was vacated on humanitarian grounds or to help him in the immigration proceedings, it doesn't affect, it doesn't have the Wietersburg effect. We agree with that. Okay. So how do we know that that's not what happened here? Well, I think you need to look at the motion that was filed as well as the declaration from his criminal counsel, Mr. Tooby, because some of what happened in the criminal process, when you look at the transcript, obviously some of it was conducted in chambers and off the record. But the motion that was filed makes clear that the legal basis for the motion was twofold. The trial court failed to advise Mr. Cardozo pursuant to California Penal Code Section 1016.5 that the entry of his plea might subject him to deportation. That's a legal error. In addition, the motion argued that the waivers of Mr. Cardozo's rights, jury trial, self-incrimination, et cetera, were taken only after he entered his plea. So there were two legal, substantive legal bases for the invalidation of the plea. So the motion also talks about the drastic consequences. But I guess the one area where the court makes reference to the reason or what he's doing is, I guess, at the October 15, 2003 hearing, right at the beginning, he says they have made a motion in this case. The court will accept that. Exactly. That's right. That's it. And so what you're saying is we have to look at what your motion is. Precisely. Which is based upon legal grounds. And, yeah, Mr. Tooby's declaration as to what, you know, happened in chambers. But, you know, I agree that the motion that was filed does talk about the Petitioner's equities here in the United States. But that wasn't the grounds for relief. Precisely. I mean, it was relevant to the motion because I think what they were trying to do there is demonstrate that the failure to give these advisals resulted in prejudice. That is, that had he been given these advisals, given all these equities, and given the fact that, you know, he had a U.S. citizen wife and two children, had he known, had he been advised that he was going to be deported, he never would have entered this plea. And that's the point of those evidentiary submissions. Well, wouldn't you, or I'm asking you, I guess, wouldn't it be more appropriate, if you're right on all of your arguments, as to whether or not that relief that was granted in the State court, was granted for legal reasons or constitutional reasons or California statutory reasons or whatever it is, really hasn't been resolved in this record, has it? And it's not for us to resolve that. Isn't it for the I.J. or the Board to resolve that? Well, I think it has been resolved because the government can't point to any provision under California law. Oh, I could point to a lot of stuff if I knew what went on in Chambers. And we know that something went on in Chambers that isn't reported here. That's true. And if we knew all of that, we'd know a lot about what happened here in the trial  case. And I think that's a good point. I think that's a good point. The question, Your Honor, is does a California trial judge have any authority under California law to simply willy-nilly vacate a conviction because he feels like it? Well, we don't know whether he does or not, but we see it occasionally. Well, if he doesn't have that legal authority, you have to assume that he's the trial judge is complying with the law. Well, we don't know. Okay. I would beg to differ with you on that. But even assuming that you're correct on that, I think the resolution of that issue would require that the court find that Wetersberg is quite possibly applicable and remand for the board to make that determination in the first instance, because that's not the basis of the board's ruling. I know. I know. Could I just follow up on one thing Judge Reimer asked you to make sure that I've got it right? What he has to do is assuming the – well, not assuming. The conviction's now gone. So assuming we put him back in the same position, all he has is an expunged personal use conviction. Right. Which is not going to block his granting relief. Right. But he has to apply for cancellation or removal? Yes. Cancellation would be a backup remedy. His primary remedy in this case is adjustment of status. Well, can he get that without somehow taking care of the removal? Doesn't he need relief from removal first, and then he gets adjustment of status and he has the visa immediately available? Yes. You know, he could – technically he can apply also for a visa. Now that he's been deported, he can apply for a visa outside the United States. And he's been endeavoring to do that. Two years he hasn't still had an interview. But the problem here is that because he was removed unlawfully in our view, he's now subject to two separate bars on returning to the United States. So in order for him to get a visa, he's going to have to overcome two separate 10-year bars on returning, one under Section 212A9A and another under Section 212A9B. And there's no guarantee that he's ever going to qualify for those waivers. So if the court doesn't act, there's the strong possibility that he's going to be separated from his wife and children for the – for 10 years. Now, I think my question is putting yourself back into the deportation proceedings, assuming all that there was was this simple possession conviction which was expunged. Yes. He's still removable because he's in the country legally. Correct. And so what's his relief? His relief then would be cancellation of removal and adjustment of status. That's a – but he's got to get the cancellation of removal first. And you're saying he had all the equities and – He only needs to get either cancellation of removal or adjustment of status. They're two separate remedies. And in his case, the more powerful remedy, the stronger – the remedy that's most likely to be successful, obviously, is the adjustment of status. So what you're saying is the court should remand for reopening of the proceedings so he can apply for the applicable relief? Yes. That would be our threshold position. And if you would agree with Judge Levy, then remand for the board to reconsider this Wedersberg question. Well, my concern is – and I'll just elaborate a little bit on that. Not only was his conviction set aside, but as part of the same proceeding, he pled guilty to something else. Right. And that was all worked out, for all I know, as part of the same tradeoff for getting the first one set aside. Now, if the first one was illegal, it should have been set aside, irrespective of whether or not he's going to make a deal to plead to something else and get 30 days of probation or whatever he got. That's the concern I have on this record. It doesn't quite ring as if the Court said, this is an illegal conviction, I'm setting it aside, we're done with that one. Now, if we ever have another case, I'll hear it. But this is all part of the same thing. That's my concern. And I understand that concern, and I agree with you that it's not something that the Court can resolve in the first instance. All right. Thank you, Your Honor. May it please the Court, Your Honor. Neil Gorsuch for the government. If I might start with the jurisdictional issues the Court raised. It is up to the petitioner here to establish this Court's jurisdiction. It's burdens on him. And I think that's relevant to your question, Judge Levy, about whether we should remand this or not for determination of jurisdiction. It's incumbent upon him to show this Court that it has jurisdiction. And the Court held in Ramirez-Castro that the general rule in the Ninth Circuit is that an expunged, even an expunged conviction remains valid for immigration purposes. Here we don't have, as you pointed out, Your Honor, an expunged conviction. We have an amended conviction for another charge. We don't have even an expunged. The only times that this Court has held that a conviction doesn't count under very two limited circumstances. First, the first-time offenders rule that Lujan laid down, an exception the Ninth Circuit's developed to the statutory language that other courts have not adopted. And that's where a petitioner ultimately tries to go by a series of steps, by saying, first, get rid of my conviction that's not qualified for first-time offender. Then let me show you how I can get to first-time offenders with my amended conviction. That's where he ultimately has to go to get this, invoke this Court's jurisdiction. Or two, that there is a substantive defect in the conviction below. That there's a constitutional problem with it. That there is a guilt problem with it below. And those are the narrow circumstances where the Court has set aside Estrada Rosales, Mendez for the primary cases that petitioner cites. In both those cases, there was no counsel provided below. That's not the record we have here for jurisdictional purposes, Your Honor. I submit that you've got plenty of evidence on this record to say, number one, it's incumbent on petitioner to invoke this Court's jurisdiction. Number two, the general rule is an expunged conviction doesn't count. Number three, this individual has not shown that he meets the narrow exceptions to that rule. But how about, put aside the personal use conviction for a moment. How is this case different than Wietersburg? Well, Your Honor, both on the merits. It's not the sole basis of removal. I'll get to that in a moment. But for jurisdictional purposes, which I think Your Honor is asking about, it differs because there the Court specifically found that the vacature was on the merits. It was on the merits because of procedural problems below. Here, however, there is no finding by the Court below or the BIA that it's on the merits. Well, but the judge, that's what they're saying. They're saying they were in error because they didn't make that finding because the judge in the State court made the finding that he accepted the motion and he grabbed the relief. And, Your Honor, if I might elaborate on the record, which you asked about earlier, I submit there is no way on this record the Court can find that the vacature occurred on the merits. And that's Petitioner's obligation to show. For instance, this is a 300-and-some-odd-page record, 325 pages. Sixty pages of it, as Your Honor alluded to, are pleas on the basis of immigration consequences to the State court to provoke or amend the conviction. Sixty pages of a leading argument. If you look at the motion that Petitioner tries to invoke, he talks about regularly the immigration consequences. But that's because what he has to establish to get his guilty plea vacated is that he has been advised of the fact that it was automatically going to be deported. Your Honor, the argument that the prejudice that the Supreme Court has to be shown. That is one argument. Let me address that in a second. But before you even get to that, I don't submit that's a fair characterization of his brief or all the appendices there, too. A fair characterization of the brief, and I'll just cite some pages, AR 112, 116, 125, 128, 129, 175, all talk about the immigration consequences full stop. So that's number one. Number two, with respect to his plea, he was told about the immigration consequences. AR 98 and 99, he was advised and he waived on the basis. He was told he could be deported. Yes, sir. He wasn't told that he absolutely would be deported because of this conviction. No, he said it could have implications on your immigration, and he had a lawyer, Your Honor. He had everything. I have this every day. Yes, Your Honor. I know you do. I have this every week in San Diego. Yes, sir. I make it very clear to them, not that they could be deported, because I once had a 2255 where they said, well, had I known I didn't even have a fighting chance, I wouldn't have done this. This would be my fighting chance. But I figured I'd fight that another day. And if he had no chance, that's a significant factor. Well, Your Honor, he was advised in accordance with traditional rules. He's not cited any case, not one to this Court, saying that that plea was invalid on the basis of what he was advised. Not one. And again, it's his obligation to show jurisdiction. If I might as well, Your Honor. But is there anything in the record that shows that the judge did it for some other – based on some other reasons? Well – Because all it says is I accept the motion. It does not say I accept the reasons for the motion. And it's a motion to amend. It's not even a motion to expunge, Your Honor. And this Court's held expungements aren't good enough. No, it's an order vacating his conviction of August 30th. It's to amend. It's to amend. It was a motion to amend. Please take notice. Please take notice that Defendant Rogelio Cardoso will and hereby does move for an order vacating his conviction of August 30th, 2000, for a felony. Yes, Your Honor. If you look at the transcript, the Court talks about it in terms of a motion to amend because the case was still open, in his view, to charge. So that's – That's kind of the weird thing that Judge Meavy points out. Right. That he didn't just vacate the conviction. It was substituted. Yes, sir. Yes, sir. So if I might – a couple more things I think are relevant to the jurisdictional analysis before we move on. First is it is – I'm reminded of Michigan v. Long, where the Supreme Court there held where there are two alternative bases, a state court, a sufficient, i.e., legitimate basis that we can't touch, or a Federal basis. We're going to assume that it's Federal. And I think here as well, in order to vindicate the Federal Government's interest in enforcing its immigration laws, a state court has to be clear that it's not interfering with those. And there are a lot of cases in which this Court has recognized that it's the Federal Government's sole responsibility to handle immigration and foreign affairs, and a state can't impinge upon that improperly through improper motives. And if there's any doubt about it, which way it falls, the doubt should be in favor of vindicating the Federal interest here. Petitioner was on notice, this law is not new, about what it took to vacate properly his conviction on the merits in order to avoid this issue. He did not do so. I think the presumption has to be that the Federal interest should be vindicated here. So I just wanted to mention that. Your Honor, with respect to the amended conviction, that itself is enough to remove him, enough to deny this Court's jurisdiction before I get to the merits, because he may have been eligible for the first offender exception, Your Honor, in Lujan, but he didn't get there before he was vacated, before he was removed. And this Court's held in Chavez-Perez that if you don't get it, the first offender deal done by the time you leave, that's it. And so even that amended conviction is sufficient to deny this Court a jurisdiction, Your Honors, because it's a controlled substance offense. He admits he's guilty of it. He continues even after, and this is significant, too, because even if he didn't have the amended conviction, his own admissions would be sufficient to deny the Court's jurisdiction. The amended conviction is not the basis of any action by any administrative body. Your Honor, I'd like to disagree with that. Okay. He was put on notice, and the notice to appear, that he was either convicted or admitted to the essential elements of a controlled substance offense. It cited the statutory language. And, Your Honor, this Court has held that that's all that's required. In prior cases that you ---- Well, does that mean ---- but he wasn't convicted until after he was removed. Your Honor, the point is, this Court sitting here today, did he ---- was he convicted of a controlled substance offense? Yes. End of story. End of story. No jurisdiction. He was convicted of a disqualifying crime after he was in Mexico. Your Honor, if, in fact, a first-time offender's exception doesn't get you out of it ---- Well, your answer to my question is, your position is yes, that's true. Absolutely, Your Honor. That this conviction that occurred after he was deported is one that we should recognize as a bar to our jurisdiction. Yes, sir. But it's not in the notice to appear. Yes, sir, it is. It is. The notice to appear doesn't list that conviction, obviously. But it need not. It cites the statutory language under 1182 that says a criminal offense related to a controlled substance, and that's enough to bar this Court's jurisdiction. But that was the offense that was vacated. Well, Your Honor, but it wasn't vacated. It was amended and replaced with another one. But the point is, there still remains ---- It wasn't amended. There was another charge. The charge wasn't amended. The record may have been amended, but the charge was vacated. The conviction was vacated. Your Honor, if I might just cite Fernandez Bernal to you. There, there was an expunged conviction. But this Court said ---- I'm sorry, it's the Eleventh Circuit. I apologize. The Eleventh Circuit said he admitted the essential elements. Well, can I ask you a question? Yes, sir. I looked through, and maybe I just didn't see it. His guilty plea, a lot of times there's a sheet in California where they admit they write, I, you know, grew marijuana plants or something like that. Yes, sir. Do we have that here? Yes, sir, you do. In his motion that we've talked about earlier, you don't have that piece of paper, Your Honor's asking about specifically, but you do have the substantive equivalent. He admits to marijuana possession in his declaration that's attached to the motion, AR 125. His counsel admits to it at AR 275, 114, and 117, all those pages in the record. He admits. Admits. Admits to marijuana possession, Your Honor. Well, but the growing of marijuana or the simple possession? Simple possession, at least, Your Honor. Yes. But the fact that he simply possessed marijuana is not alleged in the notice to appear. It was a controlled substance offense, and again, Your Honor ---- Didn't it list the controlled substance offense? It did. It didn't list this one that you're now ---- No, Your Honor, but again, under Fernandez-Bernal, even if the conviction is expunged, if an individual admits to the essential elements of what would be a controlled substance offense, the court lacks jurisdiction. That's what I'm saying. Where did he admit to the facts that they removed him on? They didn't remove ---- There's no removal on simple possession of marijuana, correct? No, Your Honor. I disagree with that. Again, I believe ---- Where is there a finding that he simply possessed marijuana and we're removing him on that basis? By the BIA, there is not a ---- or the IJ, but there is a finding, and there's several alternative findings by the IJ, saying that he was convicted of this, and he admitted to the essential elements of this, and ---- But the this no longer exists. I just ---- It's wiped off. It's vacated. It's invalid. And under Wietersberger, he can reopen on that. When it goes to his court's jurisdiction, Your Honor, and he subsequently admits to any criminal offense that relates to a controlled substance ---- But they didn't remove him on that basis. They removed him on a different basis. Your Honor, though, when it comes to the court's jurisdiction, and I know we're just going around. I'm sorry I'm not being helpful. I'm trying. When it comes to the court's jurisdiction, the Eleventh Circuit found even admission by counsel in this dialogue here was sufficient, even though his conviction had been expunged. Was it charged? Yes, Your Honor, it was. And here it wasn't charged. That's the distinction. Your Honor, I think that's a difference without a meaning, because there's no doubt this individual did this offense. He admits it of simple possession. He's removable on that basis, Your Honor. He did not get his first-time offender's paperwork done before he was removed. That's the end of the story both for removal and for the court's jurisdiction. It would be a futile gesture to remand it, to have the BIA put yet another stamp in proceedings that have already taken in excess of four years, Your Honor. So if I might, with the court's ---- I see my time's expired. But with the court's indulgence, even with ---- I just wanted to address very briefly the question of without the controlled substance offense, was he properly removable, which was Jeff Reimer's question at the outset. And then I will sit down. The discretionary relief that Petitioner seeks there, adjustment of status and otherwise, he has no due process right to under this Court's holding in Tovar Landing. And the fact that he may be eligible for expungement or eligible for an adjustment of status doesn't preclude his removal at the time for being illegally present in the country. And that, again, is Chavez-Perez. Thank you for your indulgence, Your Honor. Thank you. Mr. Chauvin, even though your time has expired, counsel, to equalize it, go ahead. My only additional comment would be that Chavez-Perez has nothing to do with this case, because the conviction in Chavez-Perez wasn't invalidated on substantive grounds. It was an expungement. And that's what makes all the difference under Wietersburg. Thank you. All right. Counsel, thank you both for your argument. The matter just argued will be submitted. Thank you.
judges: Leavy, Rymer, Moskowitz